UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LA TAUSHA SIMMONS,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL MOORE and<br>CITY OF ROYAL OAK,<br><br>    Respondents. | Case No. 24-cv-11609<br><br>Honorable Robert J. White |

**OPINION AND ORDER (1) DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, (2) DENYING THE MOTION TO STAY, (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

I.   Introduction

La Tausha Simmons seeks a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254. (ECF No. 1). The Court dismisses the petition without prejudice because consideration of the petition would interfere with ongoing state criminal proceedings and because Simmons has not exhausted her state court remedies. The Court also denies Simmons's motion to stay these proceedings. (ECF No. 3). Lastly, the Court declines to issue a certificate of appealability and denies leave to appeal *in forma pauperis*.

II.  Background

Publicly available records for Michigan's 44th District Court indicate that Simmons is facing three misdemeanor charges for one count of interfering with a police officer and two counts of obstructing a police officer. Simmons was released on bond at the time the petition was filed.[1]

Simmons alleges that the arresting officer violated her First and Fifth Amendment rights, she is actually innocent of any charges, the prosecutor is withholding exculpatory evidence, and she is being denied the effective assistance of counsel from her court-appointed attorney. (ECF No. 1). The habeas petition and motion to stay seek an order halting Simmons' state court proceedings. (ECF No. 1, PageID.60; ECF No. 3).

III.  Legal Standards

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss

---

[1] Simmons is "in custody" for habeas corpus purposes even though she is presently on bond. *See Malinovsky v. Court of Common Pleas of Lorain County*, 7 F.3d 1263, 1265 (6th Cir. 2003).

summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

IV. Analysis

Simmons filed this petition under 28 U.S.C. §§ 2241 and 2254. Because she has not been convicted of any crimes, her claims are appropriately reviewed under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not 28 U.S.C. § 2254. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held pursuant to the *judgment* of a State court. . . . a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis in original) (cleaned up).

28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under the *Younger* abstention doctrine, federal courts should not interfere with pending state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the

3

proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017).

The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: (1) the petitioner seeks a speedy trial and available state-court remedies have been exhausted, (2) the petitioner seeks to avoid a second trial on double jeopardy grounds, and (3) the petitioner faces prejudice from retrial based on ineffective assistance of counsel. *See Hill v. Welsh*, No. 21-1759, 2022 U.S. App. LEXIS 17608, at *2-3 (6th Cir. June 24, 2022) (citations omitted).

The three conditions for abstention are present here. Simmons has an ongoing state criminal case pending in the 44th District Court. The state court criminal proceedings "implicate[] the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 U.S. App. LEXIS 27784, at *5 (6th Cir. Aug. 31, 2020). And the state court criminal proceedings provide an adequate opportunity for Simmons to raise her constitutional challenges. In this last respect, Simmons alleges no facts to showing that she is or will be precluded from raising her constitutional claims in state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court

4

proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Nor does she seek a speedier trial, the avoidance of double jeopardy, or appear to face prejudice from retrial arising from ineffective assistance of counsel.

Even assuming that extraordinary circumstances did exist, Simmons would still be required to exhaust available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546.

Simmons disagrees. She asserts that the ineffectiveness of her state court attorney excuses the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (exhaustion excused when "circumstances exist that render such process ineffective to protect the rights of the applicant."). But Simmons may not bypass the state courts based upon her own belief that the state courts will not entertain her claims. *Engle v. Isaac*, 456 U.S. 107, 130 (1982); *see also Bousley v. U.S.*, 523 U.S. 614, 623 (1998). And Simmons fails to assert facts showing the absence of an available state corrective process or that circumstances would render such a process ineffective. (*See* ECF No. 1, PageID.54-58).

For all these reasons, the habeas petition is premature and must be dismissed.

5

V.  Stay Motion

Simmons also wants to stay the state court criminal proceedings pursuant to 28 U.S.C. § 2251. A federal court lacks jurisdiction to issue a stay pursuant to 28 U.S.C. § 2251 when there is no habeas petition pending before that court. *See Steffen v. Tate*, 39 F.3d 622, 625-26 (6th Cir. 1994). Because the habeas petition is being denied, the Court lacks the requisite jurisdiction to issue a stay. *See, e.g., In re Hill*, 437 F.3d 1080, 1084 (11th Cir. 2006) (court of appeals, having denied convicted capital murder defendant's application for leave to file second or successive habeas petition as untimely, could not entertain defendant's application for stay of execution because the court's jurisdiction ended with denial of the application); *see also Simmons v. Michigan*, No. 22-12721, 2024 U.S. Dist. LEXIS 14640, at *4 (E.D. Mich. Jan. 26, 2024). The motion for a stay is therefore denied.

VI.  Certificate of Appealability

Before Simmons may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *Winburn v. Nagy*, 956 F.3d 909, 911-12 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition). A court may grant a certificate of appealability only when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Simmons makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable.

Lastly, Simmons is not entitled to appeal this decision *in forma pauperis* because such an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that the motion for a stay (ECF No. 3) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that Simmons may not file an appeal *in forma pauperis* because it cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).


Dated: November 22, 2024                s/Robert J. White
                                        Robert J. White
                                        United States District Judge