UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LA TAUSHA SIMMONS,

    Petitioner,

v.

MICHAEL MOORE and CITY OF ROYAL OAK,

    Respondents.

Case No. 24-cv-11609

Honorable Robert J. White

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Petitioner La Tausha Simmons' motion for reconsideration of the Court's order and judgment denying without prejudice her pre-trial petition for a writ of habeas corpus (ECF No. 8). The Court previously dismissed Simmons' habeas petition under *Younger v. Harris*, 401 U.S. 37, 46 (1971), in relevant part because Simmons failed "to assert facts showing the absence of an available state corrective process or that circumstances would render such a process ineffective." (ECF No. 6, PageID.106). In this respect, Simmons' habeas petition asserted that the state corrective process was ineffective to protect her rights because of her appointed counsel's ineffective assistance in the state proceedings. She also alleged that Respondents abused the state court process, the state court facilitated these

impaired proceedings, and she is innocent of any crime. (ECF No. 1, PageID.54-58). Simmons now argues that the Court erred because (1) she sufficiently demonstrated that she is actually innocent of any crime; (2) exhaustion of state court remedies is unnecessary given her counsel's ineffective assistance, Respondents' abuse of the judicial process, and the state court preventing her from representing herself and filing her own motions; and (3) she is unable to reach the Michigan appellate courts about these issues. (ECF No. 8, PageID.113-15).

The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1).  Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *Id.*

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  While Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id.* Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003). The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Here, Simmons fails to demonstrate any of the requirements for relief under Fed. R. Civ. P. 59(e) or 60(b). To the extent Simmons' essentially argues that the Court committed legal error in denying her habeas petition, the Court disagrees. The Court properly cited the habeas and related standards applicable, particularly with respect to the *Younger* abstention doctrine. And though Simmons seems to contest how the Court applied this law to the facts of her case, she provides no authority to clearly counter the Court's prior decision.

For these reasons, IT IS HEREBY ORDERED that Simmons' motion for reconsideration (ECF No. 8) is DENIED.

Dated: July 22, 2025                                  s/Robert J. White
                                                                    Robert J. White
                                                                    United States District Judge